PALMER, appellant, v. PALMER *et al.*

*Action on undertaking.   Satisfaction.   Burden of proof.*

In an action on an undertaking given for a stay of proceedings in a suit, whereby the defendants agreed to pay the plaintiff the value of the use and occupation of a farm, *held*, that the burden of proof was on the defendants to show that the undertaking had been satisfied; and the evidence of the defendants having shown that, by agreement, the plaintiff had received one-half the crops for the use of the farm, that the action could not be sustained. The technical rules governing accord and satisfaction do not apply to such a case.

Palmer v. Palmer.

APPEAL from a judgment on the verdict of a jury, in defendants' favor. Exceptions to be heard in the first instance at general term. The action was brought by William Palmer against Levi H. Palmer, Ebenezer Upham and Oliver Aikens, upon an undertaking to stay proceedings on appeal in a suit pending between William and Levi H. Palmer. The opinion sufficiently states the case.

*Crane & Saxton,* for plaintiff.

*Roe & Viele,* for defendants.

GILBERT, J. The obligation created by the undertaking sued on was to pay the value of the use and occupation of the farm. The undertaking was given in fulfillment of a condition imposed by the court, on which a stay of proceedings was granted pending an appeal from an order overruling a demurrer, on the ground of frivolousness. The verdict of the jury establishes the fact that, after the undertaking was given and before the appeal was determined, the plaintiff agreed to receive one-half of the crops for the use of the farm. The fact that the plaintiff received one-half of the crops, amounting in value to more than the sum claimed in the complaint, is not disputed. It has been intimated here that the plaintiff did not get his share for 1872. The defendant Palmer testified that on the day he moved, the plaintiff told him he had had enough to satisfy him. This was not contradicted, nor was any point on the subject made on the trial. The intendment therefore is that none could have been made. This action is brought to recover the value of the use of the farm in money. We think it cannot be maintained. The delivery to the plaintiff of one-half of the crops, pursuant to the agreement, operated as a compliance with the undertaking *sub modo.*

· The manifest object of the undertaking was to indemnify the plaintiff against loss, and that object has been accomplished. If the plaintiff did not get money, he got money's worth. It was perfectly competent for him to name a pecuniary indemnity, and to agree to receive it in any other form. The affixing seals to the instrument did not change its character or legal effect. It was a statutory obligation, and the court is bound to give it effect accordingly. For this reason, if for no other, the technical rules governing accord and satisfaction, referred to by the appellant's counsel, we think are not applicable to the case.

The defendants had the affirmative of the issue. If no evidence had been given, the plaintiff would have been entitled to a verdict. He who must give evidence in order to prevent a verdict against him has the affirmative. *Elwell* v. *Chamberlin,* 31 N. Y. 611.

The judgment should be affirmed, with costs.

*Judgment affirmed.*